IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY LEE,

        Plaintiff,                   1:05-CV-00802 ALA P

        vs.

A.K. SCRIBNER, et al.,

        Defendants.           <u>ORDER</u>

_____/

       Plaintiff Bobby Lee is a state prisoner proceeding pro se and in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983.

       Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen complaints brought against a governmental entity or officer or employee of a governmental entity.  The Court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).  A claim "is frivolous [if] it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this Court] must accept [Plaintiff's] allegations as true."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

1   that could be proved consistent with the allegations." *Id.*

2          "To sustain an action under section 1983, a plaintiff must show (1) that the conduct

3   complained of was committed by a person acting under color of state law; and (2) that the

4   conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*,

5   466 F.3d 676, 689 (9th Cr. 2006).  The court has reviewed Plaintiff's complaint pursuant to 28

6   U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant.

7          In the first sixteen pages of Plaintiff's written complaint, Plaintiff discusses the incidents

8   he believes resulted in constitutional violations.  Complaint at 8-24.  Plaintiff alleges that he was

9   unjustifiedly placed in the Segregated Housing Unit, that he wasn't fed on multiple occasions,

10  that he wasn't given his prescription medication and that he was wrongfully accused of

11  assaulting a staff member.  *Id.*  However, Plaintiff does not identify which of the named

12  defendants participated in any of the alleged incidents.  Thus, Plaintiff has failed to allege that

13  the conduct complained of was committed by a person acting under color of state law.  *Hydrick*,

14  466 F.3d at 689.

15         Later, on page 17, Plaintiff states that Defendant Cordero mumbled racial slurs which

16  "clearly proves racial profiling" but provides not further details or information.  *Id.* at 24.

17  Plaintiff then proceeds to list the defendants and alleges that they "conspired to and did violate

18  Plaintiff's constitutionally protected rights" by "signing documents which contained no evidence

19  and/or obtained false/fabricated charges."  *Id.* at 24-26.  However, Plaintiff cites no legal

20  authority for his contention.  Thus, Plaintiff has failed to allege that the conduct deprived

21  Plaintiff of a federal constitutional or statutory right.  *Hydrick*, 466 F.3d at 689.

22         To proceed, Plaintiff must file an amended complaint.  Any amended complaint must

23  show that the federal court has jurisdiction and that Plaintiff's action is brought in the right

24  place, that Plaintiff is entitled to relief if Plaintiff's allegations are true, and must contain a

25  request for particular relief.  Plaintiff must identify as a defendant only persons who personally

26  participated in a substantial way in depriving Plaintiff of a federal constitutional right.  *Johnson*

*v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If Plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If Plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

The court (and defendant) should be able to read and understand Plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Admin. Code § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Therefore, IT IS HEREBY ORDERED that the complaint is dismissed with leave to amend within thirty-five (35) days from the date of this order. Plaintiff shall file an original and

1    one copy of the amended complaint, which must bear the docket number assigned to this case

2    and be titled "First Amended Complaint."  Failure to file an amended complaint will result in a

3    order dismissing this action for failure to state a claim.  If Plaintiff files an amended complaint

4    stating a cognizable claim the court will proceed with service of process by the United States

5    Marshal.

6    /////

7    Dated: November 19, 2007

8                                      /s/ Arthur Alarcón

                                        UNITED STATES CIRCUIT JUDGE

9                                        Sitting by Designation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26