# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE, | CASE NO. 1:05-cv-00802-YNP PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (Doc. 27) |
| A.K. SCRIBNER, et al., | |
| Defendants. | |

Plaintiff Bobby Lee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at the California State Prison in Lancaster, California. However, the events described in Plaintiff's complaint took place while Plaintiff was incarcerated at the California State Prison in Corcoran, California ("CSP-Corcoran"). Plaintiff is suing under section 1983 for the violation of his rights under the Eighth and Fourteenth Amendments. Plaintiff names A.K. Scribner (warden), D. Ortiz (associate warden), R. Beceara (counselor), M.C. Poulos (associate warden), Stockman (chief deputy warden), L. C. Chrones (chief deputy warden), Carriedo (counselor), Spriester (counselor), Mears (counselor), Cordero (counselor), and Wagner (doctor) as defendants. Plaintiff has consented to jurisdiction by U.S. Magistrate Judge and no other parties have made an appearance in this action.

For the reasons set forth below, the Court finds that Plaintiff's second amended complaint states some cognizable claims. Plaintiff's remaining claims will be dismissed without leave to amend.

1

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Background**

    **A.      Procedural Background**

Plaintiff filed the original complaint in this action on June 20, 2005. (Doc. #1.) On November 19, 2007, Plaintiff's original complaint was screened pursuant to 28 U.S.C. § 1915A(a). (Doc. #16.) The Court found that Plaintiff's original complaint failed to state any cognizable claims

against any defendant. Plaintiff was given leave to file an amended complaint which cured the deficiencies identified in the screening order. Plaintiff filed his first amended complaint on December 27, 2007. (Doc. #20.) On May 1, 2009, the Court screened Plaintiff's first amended complaint. The Court noted that Plaintiff's first amended complaint did not comply with the Federal Rules of Civil Procedure and failed to state any claims upon which relief can be granted. Plaintiff was given another opportunity to amend his complaint. On June 1, 2009, Plaintiff filed his second amended complaint. (Doc. #27.) This action proceeds on Plaintiff's second amended complaint.

**B.     Factual Background**

On June 23, 2003, Plaintiff was transferred to CSP-Corcoran and housed in the secured housing unit ("SHU"). Plaintiff was placed in the SHU based on Plaintiff's possible participation in an assault on a staff member at Salinas Valley State Prison.

On June 24, 2003, MTA Oneil was passing out medication. Plaintiff explained that he has prescribed medication, Remron and Prozac, but Oneil ignored him.

On July 3, 2003, Plaintiff appeared before the "IV-B SHU ICC." Plaintiff informed the committee that he was being deprived of his medication "for retaliation from correctional officers." From July to August 2003, Plaintiff spoke with Defendant Wagner about being denied his medication. Wagner failed to take the necessary steps to get Plaintiff back on his medication.

On August 15, 2003, Plaintiff spoke with an unidentified doctor about his medication. Plaintiff told the doctor that the deprivation of his medications "was causing Plaintiff excruciating side affects[sic] and driving him crazy." Plaintiff complained that he was housed in a building which was not fit for inmates with mental health needs. Plaintiff also complained about a loss in body weight and that staff members were retaliating against him. The doctor informed Plaintiff that he would look into the matter. The doctor returned later and arranged Plaintiff to be rehoused in another building so that he could receive his prescribed medication.

**III.    Discussion**

**A.     Eighth Amendment Claims**

Plaintiff claims that Defendant Wagner and Cordero violated Plaintiff's rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual

1  punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity
2  and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d
3  571, 579 (8th Cir. 1968)).  A prison official violates the Eighth Amendment only when two
4  requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious",
5  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991),
6  and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind",
7  Id. (quoting Wilson, 501 U.S. at 298).  The objective requirement that the deprivation be
8  "sufficiently serious" is met where the prison official's act or omission results in the denial of "the
9  minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347
10 (1981)).  The subjective requirement that the prison official has a "sufficiently culpable state of
11 mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety.
12 Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official acts with deliberate indifference when
13 he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837.  "[T]he
14 official must both be aware of facts from which the inference could be drawn that a substantial risk
15 of serious harm exists, and he must also draw the inference." Id.

16      Plaintiff claims that Defendant Wagner violated Plaintiff's rights under the Eighth
17 Amendment by ignoring Plaintiff's requests for medication.  "[D]eliberate indifference to a
18 prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105.
19 In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must
20 show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn
21 v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096
22 (9th Cir. 2006)).  A serious medical need is shown by alleging that the failure to treat the plaintiff's
23 condition could result in further significant injury, or the unnecessary and wanton infliction of pain.
24 Id.  A deliberately indifferent response by the defendant is shown by a purposeful act or failure to
25 respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id.  In
26 order to constitute deliberate indifference, there must be an objective risk of harm and the defendant
27 must have subjective awareness of that harm. Id.
28 ///

4

Plaintiff alleges that Wagner knew that prison officials were not giving Plaintiff his medication. Plaintiff further alleges that the denial of his medication caused excruciating side effects and drove him crazy. Plaintiff claims that Wagner did nothing to address Plaintiff's concerns. Plaintiff states a cognizable claim against Defendant Wagner for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment.

Plaintiff claims that Defendant Cordero violated Plaintiff's rights under the Eighth Amendment by arranging to have Plaintiff transferred back to Salinas Valley State Prison where the alleged assault against a staff member occurred. Plaintiff claims that this was done for retaliatory reasons and placed Plaintiff's life in danger. Plaintiff provides no explanation as to why being sent back to Salinas Valley State Prison placed his life in danger. Plaintiff does not allege where the danger came from--whether it was from prison staff members who threatened Plaintiff's life, or from other inmates who threatened Plaintiff's life. Plaintiff alleges that prison staff at Salinas Valley State Prison falsely accused Plaintiff of stabbing a staff member. Even accepting Plaintiff's allegation as true, it is unclear how Plaintiff's life would be in danger if Plaintiff were to be sent back. Being falsely accused of an assault is not "life threatening" in any obvious way and there is no indication that Plaintiff would be falsely accused again if he were sent back to Salinas Valley State Prison. Further, Plaintiff does not allege that he was actually transferred back to Salinas Valley State Prison. Plaintiff only alleges that arrangements were being made. Thus, Plaintiff's life was never actually placed in danger. Plaintiff fails to state any claims against Defendant Cordero for the violation of Plaintiffs rights under the Eighth Amendment.

Plaintiff claims that his rights under the Eighth Amendment were violated when he was placed in the SHU at CSP-Corcoran. Plaintiff fails to provide any allegations that demonstrate that being placed in the SHU at CSP-Corcoran rises to the level of cruel and unusual punishment under the Eighth Amendment. Plaintiff does not describe the conditions in the SHU at all. Prison conditions only rise to the level of cruel and unusual punishment if they amount to the deprivation of adequate food, clothing, shelter, sanitation, medical care, or personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). Plaintiff must allege that he was denied "the minimal civilized measure of life's necessities." Nothing in Plaintiff's complaint suggests that being

5

housed in the SHU can be equated to the denial of the minimal civilized measure of life's necessities. Further, Plaintiff does not identify which Defendants placed him in the SHU and does not allege that those Defendants acted with deliberate indifference by purposefully ignoring a known risk to Plaintiff's health or safety. Plaintiff fails to state any claims under the Eighth Amendment based on his placement in the SHU at CSP-Corcoran.

Plaintiff was given the legal standards for stating Eighth Amendment claims in the Court's previous screening order. (Order Dismissing First Am. Compl. With Leave to Amend 10:7-12:23.) Plaintiff was also specifically informed of the deficiencies in his claims against Defendant Cordero. Plaintiff's amended complaint has done nothing to meaningfully address the deficiencies identified by the Court. As such, the Court finds that Plaintiff's Eighth Amendment claims are not capable of being remedied by granting any further leave to amend.

### B. Fourteenth Amendment Claims

Plaintiff claims that Defendant Cordero violated Plaintiff's rights under the Fourteenth Amendment by arranging to have Plaintiff transferred back to Salinas Valley State Prison where the alleged assault against a staff member occurred. Plaintiff claims that his rights under the Due Process Clause and the Equal Protection Clause were violated by Defendant Cordero.

#### 1. Due Process Claims

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether a hardship is sufficiently significant enough to warrant due process protection, the Court looks to (1) whether the challenged condition mirrored those conditions imposed upon inmates imposed upon inmates in administrative segregation and protective custody and is thus within the prison's discretionary authority to impose, (2) the duration of the condition and

the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).

Plaintiff fails to identify any protected liberty interest that he was deprived of. Plaintiff has not alleged any facts that suggest he has a liberty interest in not being housed at Salinas Valley State Prison. In order to rise to the level of a protected liberty interest, Plaintiff must allege facts that demonstrate that transfer to Salinas Valley State Prison would amount to an "atypical and significant hardship" when compared to the ordinary incidents of prison life. See Wilkinson v. Austin, 545 U.S. 209, 221-224 (2005) (finding liberty interest in avoiding transfer to state's supermax prison because conditions imposed an atypical and significant hardship). Plaintiff has not alleged any facts that demonstrate that prison life in Salinas Valley State Prison would be substantially different from prison life in any other prison. Further, Plaintiff does not allege that he was actually transferred to Salinas Valley State Prison. Plaintiff is not entitled to any procedural protections under the Due Process Clause that protect Plaintiff from prison officials "making arrangements" to transfer Plaintiff to another prison. To the extent that Plaintiff is asserting a liberty interest in personal safety, his claim is more appropriately raised under the Eighth Amendment. See discussion supra Part III.A.

Plaintiff was given the appropriate legal standards for stating Fourteenth Amendment due process claims in the Court's prior screening order. (Order Dismissing First Am. Compl. With Leave to Amend 6:5-9:4.) Plaintiff was specifically informed that he has no liberty interest in staying at the prison of his choice. Plaintiff's amended complaint has done nothing to meaningfully address that deficiency. The Court finds that Plaintiff's due process claims are not capable of being remedied by granting further leave to amend.

### 2. Equal Protection Claims

Plaintiff also claims his rights under the Equal Protection Clause were violated. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the

defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005). If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

There is no indication of any discriminatory treatment in Plaintiff's complaint. Plaintiff does not allege that he was intentionally treated differently based on his membership in any protected class, or based on his membership in any identifiable class. Plaintiff does not identify any other similarly situated individuals that were treated more favorably or any differently than he was. Plaintiff fails to state any cognizable equal protection claims.

Plaintiff was given the appropriate legal standards for stating Fourteenth Amendment equal protection claims in the Court's prior screening order. (Order Dismissing First Am. Compl. With Leave to Amend 9:5-10:6.) Plaintiff was specifically informed that he had not stated any facts that suggested any discriminatory motive or treatment by Defendants. Plaintiff's amended complaint has not meaningfully addressed those deficiencies. The Court finds that Plaintiff's equal protection claims are not capable of being remedied by granting further leave to amend.

**D.    Claims Against Other Defendants**

Plaintiff's complaint references a number of other Defendants but it is unclear what Plaintiff's claims are against them. Plaintiff's form complaint lists R. Beceara, M.C. Poulos, Stockman, L. C. Chrones, Carriedo, Spriester, and Mears as Defendants. However, Plaintiff does not mention these defendants elsewhere in his complaint. Under the section entitled "Parties," Plaintiff makes no mention of these Defendants. (Compl. ¶¶ 4-12.) Further, Plaintiff does not assert

any claims against these Defendants in his "First Claim for Relief" or "Second Claim for Relief." (Compl. ¶¶ 21-27.) Plaintiff does not allege any facts regarding these Defendants. Plaintiff fails to state any cognizable claims against Defendants Beceara, Poulos, Stockman, Chrones, Carriedo, Spriester, or Mears.

Plaintiff was previously informed that he must link each individual defendant to an alleged deprivation of Plaintiff's rights. (Order Dismissing First Am. Compl. With Leave to Amend 4:14-5:8.) Plaintiff was asked to clarify the factual basis for his claims against each named defendant and demonstrate how they were responsible for any violations of his constitutional rights. Plaintiff's amended complaint fails to do that with respect to Defendants Beceara, Poulos, Stockman, Chrones, Carriedo, Spriester, and Mears. The Court finds that Plaintiff's claims against these Defendants are not capable of being remedied by granting further leave to amend.

Plaintiff also names D. Ortiz and A.K. Scribner as Defendants. Plaintiff alleges no facts about what Ortiz and Scribner did or failed to do that resulted in the violation of Plaintiff's constitutional rights. Plaintiff only alleges that Ortiz and Scribner were wardens and were in charge of the supervision of subordinate personnel and were generally in charge of the safety and protection of all inmates at CSP-Corcoran. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

///

1    Plaintiff fails to allege any facts that demonstrate that Ortiz or Scribner personally participated in any alleged deprivation of Plaintiff's constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and was the moving force behind any constitutional violation.  Plaintiff fails to state any cognizable claims against Defendant Ortiz or Scribner.

Plaintiff was previously informed of the appropriate legal standards for stating claims against supervisory personnel.  (Order Dismissing First Am. Compl. With Leave to Amend 5:9-6:3.) Plaintiff was specifically informed that he may not hold supervisory personnel liable under section 1983 under a <u>respondeat superior</u> theory and that Plaintiff must allege a specific causal link between a supervisor's actions and an alleged constitutional violation.  Plaintiff's amended complaint fails to do that with respect to Defendants Ortiz and Scribner.  The Court finds that Plaintiff's claims against these Defendants are not capable of being remedied by granting further leave to amend.

**IV.   Conclusion and Order**

Plaintiff's complaint states a cognizable claim under section 1983 against Defendant Wagner for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. However, Plaintiff does not state any other cognizable claims.  Plaintiff was provided with the opportunity to amend and his second amended complaint failed to remedy the deficiencies with these claims.  The court finds that the deficiencies in Plaintiff's claims are not curable by further amendment of his complaint.  Accordingly, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's second amended complaint, filed on June 1, 2009, against Defendant Wagner for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment; and

2. Plaintiff's remaining claims be dismissed for failure to state a claim

IT IS SO ORDERED.

**Dated:   April 1, 2010**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE