UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE,<br><br>                Plaintiff,<br><br>     v.<br><br>DR. WAGNER,<br><br>                Defendant.<br>_____/ | CASE NO. 1:05-cv-00802-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE A SUPPLEMENTAL COMPLAINT<br><br>(ECF Nos. 58, 63)<br><br>ORDER STRIKING SUPPLEMENTAL COMPLAINT<br><br>(ECF No. 59) |

       Plaintiff Bobby Lee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed June 1, 2009, against Defendant Wagner for deliberate indifference to medical needs in violation of the Eighth Amendment. On September 9, 2011, Plaintiff filed a motion to filed a supplemental complaint and a supplemental complaint was lodged. (ECF Nos. 58, 59.) Defendant filed an opposition to the motion on September 14, 2011. (ECF No. 63.)

       Plaintiff moves to file a supplemental complaint because he has now obtained supporting evidence and has cured the deficiencies for the claims that were dismissed for failure to state a claim. Defendant opposes the motion to file a supplemental complaint because the supplemental complaint raises the same claims that have already been dismissed three times for failure to state a claim. Additionally, Plaintiff filed a motion for reconsideration of the order dismissing these claims which was denied. Defendant argues that Plaintiff is attempting to circumvent the denial of reconsideration and requests that the motion be denied.

       "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence , or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The purpose of the supplemental complaint is to add claims that accrued after suit was filed. Here Plaintiff is clearly not attempting

1 to supplement his complaint, but to file an amended complaint.  Therefore, the Court construes
2 Plaintiff's pleading as a motion for the district court to reconsider the order denying his prior motion
3 for reconsideration.

4     Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms,
5 the court may relieve a party . . .from a final judgment, order, or proceeding for the following
6 reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
7 . . . (3) fraud . . .; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Where none
8 of these factors is present the motion is properly denied.  Fuller v. M.G. Jewelry, 950 F.2d 1437,
9 1442 (9th Cir. 1991). .  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show
10 "what new or different facts or circumstances are claimed to exist which did not exist or were not
11 shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or
12 circumstances were not shown at the time of the prior motion."

13     "A motion for reconsideration should not be granted, absent highly unusual circumstances,
14 unless the district court is presented with newly discovered evidence, committed clear error, or if
15 there is an intervening change in the controlling law," and it "may *not* be used to raise arguments
16 or present evidence for the first time when they could reasonably have been raised earlier in the
17 litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.
18 2009) (internal quotations marks and citations omitted) (emphasis in original).

19     Plaintiff's opposition is devoid of any ground entitling Plaintiff to reconsideration of the
20 Court's order and shall be denied.

21     Accordingly, it is HEREBY ORDERED that:
22     1.    Plaintiff's motion to file a supplemental complaint, filed September 9, 2011, is
23         DENIED; and
24     2.    The supplemental complaint, lodged September 9, 2011, is STRICKEN FROM THE
25         RECORD.
26     IT IS SO ORDERED.
27 **Dated:**   **September 29, 2011**        /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE
28