1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11 | BOBBY LEE,                          CASE NO. 1:05-cv-00802-LJO-BAM PC

12 |              Plaintiff,             FINDINGS AND RECOMMENDATIONS
     |                                   RECOMMENDING DENYING PLAINTIFF'S
13 | v.                                 MOTION FOR A COURT ORDER

14 | DR. WAGNER,                        (ECF No. 71)

15 |              Defendant.            OBJECTIONS DUE WITHIN THIRTY DAYS
     | _____/

16

17        Plaintiff Bobby Lee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18  in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's

19  second amended complaint, filed June 1, 2009, against Defendant Wagner for deliberate indifference

20  to medical needs in violation of the Eighth Amendment.  On February 27, 2012, Plaintiff filed a

21  motion for a court order.  (ECF No. 71.)  Plaintiff currently is incarcerated at Salinas Valley State

22  Prison and is seeking an order transferring him to another prison.

23        The type of relief sought is a form of injunction.  "A preliminary injunction is an

24  extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council,

25  Inc., 129 S. Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction

26  must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

27  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

28  injunction is in the public interest."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571

1

1   F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374.  An injunction may only be awarded

2   upon a *clear showing* that the plaintiff is entitled to relief.  Winter, 129 S. Ct. at 376 (citation

3   omitted) (emphasis added).

4        Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must

5   have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95 (1983);

6   Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc, 454 U.S. 464,

7   471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not

8   have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  In

9   addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which

10  provides in relevant part, "Prospective relief in any civil action with respect to prison conditions

11  shall extend no further than necessary to correct the violation of the Federal right of a particular

12  plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court

13  finds that such relief is narrowly drawn, extends no further than necessary to correct the violation

14  of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal

15  right."  18 U.S.C. § 3626(a)(1)(A).

16       In this instance, the case or controversy requirement cannot be met because the issue Plaintiff

17  seeks to remedy in his motion bears no relation to the claim that Defendant Wagner was deliberately

18  indifferent to his medical needs while he was housed at Corcoran State Prison.  Lyons, 461 U.S. at

19  102; 18 U.S.C. § 3626(a)(1)(A); also Summers., 129 S. Ct. at 1148-49; Steel Co. v. Citizens for a

20  Better Env't, 523 U.S. 83, 102-04, 107 (1998).  The issuance of the order sought by plaintiff in his

21  motion would not remedy any of the claims alleged in this action.  Because the case-or-controversy

22  requirement cannot be met, the pendency of *this* action provides no basis upon which to award

23  Plaintiff injunctive relief.  Steel Co., 523 U.S. at 102-103.

24       Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a court order, filed

25  February 27, 2012, be DENIED.

26       These findings and recommendations will be submitted to the United States District Judge

27  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

28  days after being served with these findings and recommendations, Plaintiff may file written

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **February 28, 2012**                          /s/ **Barbara A. McAuliffe**
                                                        UNITED STATES MAGISTRATE JUDGE